UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ADAN ALEJANDRO SOLIS, Petitioner, v. TODD BLANCHE, *et al.*, Respondents. | Case No. 2:26-cv-02730-MMD-MDC ORDER |

Petitioner Adan Alejandro Solis, an immigration detainee challenging the lawfulness of their federal detention at Nevada Southern Detention Center ("NSDC"), filed a *pro se* petition for habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1-1 ("Petition").) Petitioner neither paid the $5 filing fee nor applied for *in forma pauperis* ("IFP") status. (ECF No. 1.) The Petition also suffers from a procedural defect: Petitioner has not named NSDC's warden as a respondent in this action.

The Court finds that appointment of counsel is in the interests of justice due to the potential complexities of this case and to permit counsel to file an amended petition if warranted.[1] The Court now directs service on the United States Attorney's Office for the District of Nevada ("USAO") and sets a briefing schedule.

It is therefore ordered that the Federal Public Defender for the District of Nevada ("FPD") is appointed to represent Petitioner and is directed to file a notice of appearance (or indicate its inability to represent Petitioner) within seven days of the date of this Order. If the FPD is unable to represent Petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed. Appointed counsel will represent

[1]Petitioners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or whenever the interests of justice so require. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A.

Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

It is further ordered that if the FPD files a notice of appearance in this matter, it will then have 30 days from the date of this Order to file either (1) an amended petition, or (2) a motion to dismiss the Petition. If the FPD files an amended petition, it must also file a motion for leave to proceed *in forma pauperis* on Petitioner's behalf and effectuate service of the amended petition on Respondents.

It is further ordered that the Petition (ECF No. 1-1) is deferred.

It is further ordered that the Clerk of Court:

1. File the Petition (ECF No. 1-1).
2. Add the USAO to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.
3. Send a copy of the Petition (ECF No. 1-1) and this Order to the FPD at ecf_nvchu@fd.org, Petitioner, and the CJA Coordinator for this division.
4. Add John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060, to the docket as an Interested Party.
5. Send courtesy copies of the Petition (ECF No. 1-1) and this Order to Ashlee Hesman (Mattos's counsel) via CM/ECF at ahesman@strucklove.com.

It is further ordered that the USAO must file a notice of appearance within seven days of the date of this Order and file and serve their answer to the amended petition, if one is filed, within 14 days of service of the filing of that amended petition, unless additional time is allowed for good cause shown. Respondents must file any documents referenced or relied upon in their responsive pleading with that pleading. Petitioner will have seven days to file a reply.

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for

extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

It is further ordered that the USAO must produce the following documents to the FPD (or certify that such documents are not in their custody or control) within seven days from the date of this Order:

1. I-200 Warrant for Arrest of Alien
2. Form I-286 Initial Custody Determination
3. I-862 Notice to Appear
4. Form I-213 Record of Deportable or Inadmissible Alien
5. All immigration court orders in the Petitioner's removal proceedings.
6. Documents certifying any appeal of any immigration court orders by Department of Homeland Security or Petitioner.
7. Transcripts and/or audio recordings of any custody redetermination proceedings.

It is further ordered that within seven days from the date of this Order, Respondents must file a notice that (1) indicates whether they contend Petitioner is, or is not, a *Jacobo-Ramirez* Class Member and (2) identifies the statutory provision that they contend authorizes Petitioner's detention. *See Jacobo-Ramirez v. Mullin*, No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799, at *33.

It is further ordered that Respondents must not transfer Petitioner out of this District.[2]

DATED THIS 28th day of August 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1996) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").